[S. F. No. 20921.   In Bank.   Apr. 4, 1962.]

MARY DIAS et al., Plaintiffs and Appellants, v. EDEN TOWNSHIP HOSPITAL DISTRICT, Defendant and Respondent.

Gonick, Galloway & Schmidt and Harry Gonick for Plaintiffs and Appellants.

Clark, Heafey & Martin, Edwin A. Heafey and Richard G. Logan for Defendant and Respondent.

GIBSON, C. J.—Defendant, Eden Township Hospital District, demurred to plaintiffs' complaint for damages for wrongful death on the ground that it did not state facts sufficient to constitute a cause of action in that it did not allege the filing of a claim. The demurrer was sustained, and plaintiffs have appealed from the ensuing judgment.[1]

Sections 703 and 710 of the Government Code provide, with certain exceptions not relevant here, that no suit for money or damages may be brought against a "local public entity" until a written claim has been presented. ■ A hospital district is a local public entity (Gov. Code, § 700). Section 32492 of the Health and Safety Code provides that claims for money or damages against a hospital district are governed by the provisions of the Government Code.

■ There is no merit to plaintiffs' argument that our decision in *Muskopf* v. *Corning Hospital Dist.*, 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], in effect eliminated the requirement for presentation of claims as a condition to the maintenance of actions against public entities.[2] Prior to that decision claim statutes were held applicable to inverse condemnation suits, where the Constitution grants the right to compensation, and to other actions which could be maintained against public entities as an exception to the immunity rule. (E.g., *Powers Farms, Inc.* v. *Consolidated Irr. Dist.*, 19 Cal.2d 123, 126 et seq. [119 P.2d 717]; *Western Salt Co.* v. *City of San Diego*, 181 Cal. 696, 697 et seq. [186 P. 345].) The principal purpose of such statutes is to give a public entity timely notice of the nature of claims against it so that it may investigate and settle those of merit without litigation. (*Holm* v. *City of San Diego*, 35 Cal.2d

---

[1]The wrongful death statute may be applied to the state and its political subdivisions where the action is not barred by the doctrine of governmental immunity. (*Flournoy* v. *State of California, ante,* p. 497 [20 Cal.Rptr. 627, 370 P.2d 331].)

[2]We held in *Muskopf* v. *Corning Hospital Dist.*, 55 Cal.2d 211 [11 Cal. Rptr. 89, 359 P.2d 457], that the doctrine of governmental immunity could no longer be used to shield an entity of government from liability for torts for which its agents were liable. In *Corning Hospital Dist.* v. *Superior Court, ante,* p. 488 [20 Cal.Rptr. 621, 370 P.2d 325], decided this day, we hold that the 1961 legislation (Stats. 1961, ch. 1404) relating to the subject of our decision in *Muskopf* v. *Corning Hospital Dist.* merely suspended for a limited time and did not destroy causes of action arising prior to February 27, 1961, the date our decision in *Muskopf* v. *Corning Hospital Dist.* became final.

399, 400-401 [217 P.2d 972].) To the extent that immunity is abrogated the importance of these considerations is increased.

Likewise without merit is the contention that, since it is not necessary to file a claim before maintaining an action against a private nonprofit corporation operating a hospital for the use of the public, the statutory requirement that a claim must be filed before bringing an action against a hospital district constitutes an arbitrary and unreasonable discrimination. Public agencies, generally speaking, afford a proper subject for legislative classification. (*Powers Farms, Inc. v. Consolidated Irr. Dist.*, 19 Cal.2d 123 [119 P.2d 717].)

The judgment is affirmed.

Schauer, J., McComb, J., Peters, J., White, J., Dooling, J., and Draper, J. pro tem.,* concurred.

---

* Assigned by Chairman of Judicial Council.