[Civ. No. 28113. Second Dist., Div. Four. Sept. 3, 1964.]

JANETTE D. ADLER, as Executrix, etc., Plaintiff and Appellant, v. CITY OF PASADENA et al., Defendants and Appellants.

[Civ. No. 28114. Second Dist., Div. Four. Sept. 3, 1964.]

MARY D. BOUSLOG et al., Plaintiffs and Appellants, v. CITY OF PASADENA et al., Defendants and Appellants.

[Civ. No. 28115. Second Dist., Div. Four. Sept. 3, 1964.]

RALPH R. BURRIS et al., Plaintiffs and Appellants, v. CITY OF PASADENA et al., Defendants and Appellants.

[Civ. No. 28116. Second Dist., Div. Four. Sept. 3, 1964.]

NEIL NELSON et al., Plaintiffs and Respondents, v. CITY OF PASADENA et al., Defendants and Appellants.

(Consolidated Cases.)

Kenneth Sperry, David Goldman and John L. Kaesman for Plaintiffs and Appellants and Plaintiffs and Respondents.

Wendell R. Thompson, City Attorney, Fred R. Metheny, Assistant City Attorney, Evelynn M. Finn and Robert A. Neher, Deputy City Attorneys, for Defendants and Appellants.

KINGSLEY, J. — This proceeding involves consolidated appeals by plaintiffs[1] (with the exception of plaintiffs Nelson

---

[1] Since the commencement of this action plaintiff Adler has died and his personal representative has been substituted in his place and stead.

and Pieper, who have not appealed from the judgment), and by defendants[2] from a judgment determining that defendants are liable to plaintiffs for unpaid pension benefits which accrued within six months prior to the filing of a formal claim therefor. Defendants' appeals are concerned with the sole issue of whether or not the plaintiffs were entitled to prejudgment interest pursuant to the provisions of section 3287 of the Civil Code. Plaintiffs' appeals are primarily concerned with the issue of whether or not plaintiffs are entitled to unpaid pension benefits which accrued within six months prior to the filing of a formal claim therefor, instead of those unpaid pension benefits which accrued from and after six months prior to the filing, in the year 1958, of written applications for the payment of increased pension benefits. Plaintiff Burris in his appeal has raised the additional issue of whether the trial court erred in determining that his pension should be based upon the rank of "Sergeant" rather than "Motorcycle Sergeant."

A history of this complex litigation, pertinent to the issues here involved, may be summarized as follows: The plaintiffs in this consolidated appeal are retired members of the police or fire departments of the defendant City of Pasadena, or the widows or personal representatives of such retired members. All of these city firemen and policemen became such during a period of time when the charter of the City of Pasadena provided for monthly pension payments on a fluctuating basis (i.e., based upon salaries currently being paid from time to time) rather than in fixed amounts determined at the time of retirement. In 1935, the Pasadena City Charter was amended, changing the pension system from the fluctuating to the fixed method of computing pension payments and imposing for the first time the requirement of employee contributions by way of deductions from salary.

In 1958, the California Supreme Court ruled in *Abbott* v. *City of Los Angeles* (1958) 50 Cal.2d 438, 445, 447-455 [326 P.2d 484], that charter amendments by which fixed payment pensions were substituted for fluctuating were unreasonable and a breach of contract as applied to employees who became such prior to date of the amendments.

In July, August and September of 1958, plaintiffs filed applications, in duplicate, with O. A. Dietrich, who was the

---

[2]Named as defendants in this action are the City of Pasadena, the Retirement Board of the city's Fire and Police Retirement System, and the members of such board, the city controller and the city treasurer.

secretary to the Fire and Police Retirement Board of the City of Pasadena (hereinafter Retirement Board), as well as city controller, for increases in the pensions they were then receiving to amounts computed pursuant to the Pasadena City Charter prior to its 1935 amendment. The Retirement Board referred the matter to the city attorney of Pasadena for investigation. After an investigation of the matter, the city attorney sent a 9-page letter, dated September 4, 1958, to the Retirement Board, containing a detailed analysis of the claims in question, as well as an exposition of the law relating thereto, including a construction of the *Abbott* case, and the case of *Allen* v. *City of Long Beach* (1955) 45 Cal.2d 128 [287 P.2d 765], and concluding that, in the city attorney's opinion, the rights of a member of the Fire and Police Retirement System are dependent upon the charter provisions in effect at the time of retirement and not upon the provisions in effect at the time of employment, and that "the recent Los Angeles cases relied upon by applicants do not change said rule of law. . . . In view of all the circumstances discussed herein it is our opinion that each and every claim under discussion should be denied." Based upon the city attorney's recommendation, the Retirement Board denied plaintiffs' applications for increased pension benefits. Some time in 1959 and 1960 plaintiffs herein filed additional claims which set forth in more detail the basis of their respective claims, including the precise amount which had then allegedly accrued on account of unpaid pension benefits. These later claims were denied both by the Retirement Board and by the board of directors of the defendant city.

After initiation of legal proceedings, the *Adler-Bouslog* cases came to trial in February of 1960. Judgments were eventually entered in favor of plaintiffs in each case in June 1960, by which it was determined that the city was under a contractual obligation to pay to each plaintiff, so entitled, a fluctuating pension based upon the provisions of the Pasadena City Charter as they existed prior to the 1935 charter amendments above summarized and that the salary deductions for pension contributions were unauthorized. By its decision, the trial court also held that none of plaintiffs' causes of action in either case were barred by the provisions of article 11 of the Pasadena City Charter and a money judgment was entered for all unpaid pension benefits and unauthorized salary deductions which had accrued through the period commencing three years prior to the filing of the complaint up to June 1, 1960. Defendants perfected an appeal

from that portion of the judgment in each case which awarded to the respective plaintiffs "those amounts designated as a 'total amount due as of June 1, 1960,'" and which adjudges thereby "that the limitations imposed by the provisions of article 11 of the Pasadena City Charter are not applicable to the claims presented herein by plaintiffs and each of them." On such appeal, the Supreme Court ruled that recovery should be limited to such unpaid pension benefits and unauthorized salary deductions as had accrued within six months prior to the filing by each plaintiff of a claim therefor. (*Adler* v. *City of Pasadena* (1962) 57 Cal.2d 609 [21 Cal.Rptr. 579, 371 P.2d 315].) The court then reversed the judgments "with directions to the trial court to enter judgments in favor of plaintiffs in accordance with the conclusions declared in the foregoing opinion, if the court finds that it can do so upon the present record, and, if not, then the court is directed to take such further evidence as may be necessary to compute the amounts due each plaintiff, to make such computations, and thereupon to enter judgments accordingly."

While the appeals were pending in the *Adler-Bouslog* cases, suits were instituted in the *Burris-Nelson* cases; upon the remand of the *Adler-Bouslog* cases, the *Adler-Bouslog, Burris-Nelson* cases were consolidated for pretrial and trial purposes. In light of the holding in the *Adler* appeal, plaintiffs' counsel moved the court for leave to amend the complaints in the *Adler-Bouslog, Burris-Nelson* cases to allege that plaintiffs had substantially complied with the claims provisions of article 11 of the Pasadena City Charter when plaintiffs filed their claims in 1958. This motion was denied. However, plaintiffs' other motions for leave to amend their complaints for prejudgment interest were granted. At the conclusion of this trial, the court found "that while certain plaintiffs filed written applications with the defendant Retirement Board of the Pasadena Fire and Police Retirement System for the payment of increased benefits in the year 1958 . . . which were eventually rejected by the defendant Board upon advice of the City Attorney of defendant city, none of said written applications constituted claims within the purview of, or were in compliance with the provisions of, article 11 of the Pasadena City Charter. The court finds, however, that the amount of unpaid pension benefits, and the interest which accrued thereon in favor of each party plaintiff throughout the period beginning six months prior to the filing of such written applications and ending April 15, 1963,

and the total unpaid pension benefits and interest, respectively, which would be recoverable by each such plaintiff from the defendant city if such written applications were determined to constitute substantial compliance with the provisions of article 11 of said charter. . . ."

Accordingly, the judgment in each case limited the recovery of each party plaintiff to those amounts which accrued within six months prior to the filing of a formal claim in 1959 or 1960. It excluded any recovery on account of the amounts which accrued prior to that period and within six months prior to the filing in 1958 of the earlier applications for payment of increased pension benefits in behalf of the same plaintiffs. However, the trial court in its finding of fact number 3 found what recovery each plaintiff would be entitled to in the event it should be determined that the applications that were filed with the Retirement Board in 1958 constituted substantial compliance with the claims provisions of the Pasadena City Charter.

I

APPEAL BY DEFENDANTS FROM THAT PORTION OF THE JUDGMENT AWARDING PLAINTIFFS PREJUDGMENT INTEREST

In *Abbott* v. *City of Los Angeles, supra* (1958) 50 Cal.2d 438, 467-468, the Supreme Court held that prejudgment interest could not be recovered against a municipality under the provisions of section 3287 of the Civil Code as that section stood at the date of that opinion. However, in 1959, by a statute effective on September 18, 1959, the Legislature amended section 3287 so that it applied expressly to "any county, city, city and county, municipal corporation," and in *Benson* v. *City of Los Angeles* (1963) 60 Cal.2d 355 [33 Cal.Rptr. 257, 384 P.2d 649], the Supreme Court held that the 1959 amendment entitled claimants such as those herein involved to prejudgment interest. The plaintiffs in the *Adler-Bouslog* cases did not amend their complaints during the first trial to pray for prejudgment interest and prejudgment interest was not an issue in the first trial of the action nor was any contention on that issue raised on the appeal. On remand of the action, the plaintiffs in the *Adler-Bouslog* cases sought and were given leave to amend their complaints to pray for prejudgment interest.

It is defendants' contention that plaintiffs' rights to prejudgment interest in the *Adler-Bouslog* cases[3] were waived

[3]No claim is made that there was a waiver in the *Burris-Nelson* cases.

by their failure to appeal from a judgment excluding such item of damages, and that to allow such damages would be to give retroactive application to section 3287 since plaintiffs' complaints were filed prior to the amendment of the statute. Neither contention is valid.

In *Gregory* v. *State* (1948) 32 Cal.2d 700, 702 [197 P.2d 728, 4 A.L.R.2d 924], it was pointed out ". . . that where a statute provides that an obligation bear interest, and such obligation existed prior to the effective date of the statute, and would not bear interest except for a statute, a holding that interest be computed from the effective date of the statute, is not giving retroactive effect to such statute." Since plaintiffs were allowed prejudgment interest for only the amounts determined to be due them from and after September 18, 1959, the effective date of the amendment to section 3287, it follows that, in the light of the foregoing excerpts from the *Gregory* case, defendants' contention as to the retroactive application of section 3287 is wholly without merit.

Equally without merit is defendants' contention that the trial court had no authority to try the question of prejudgment interest in the *Adler-Bouslog* cases because the issue was not presented upon the appeal from the former judgments which were entered in 1960; it being further suggested that plaintiffs' failure to appeal from the judgments constituted a waiver of their right to recover interest, including such interest as might accrue in the future pending the determination of defendants' appeal therefrom.

As previously noted, the money judgment in the first *Adler-Bouslog* appeal was reversed with directions to enter a new judgment for the amount then due each party plaintiff. Pursuant to this mandate, the trial court was at liberty to compute the amount due each party plaintiff up to the time of entry of the new judgment, and in connection therewith to determine any incidental issues which had a direct bearing thereon, even though the parties may have overlooked the same in connection with the first trial. In *Abbott* v. *City of Los Angeles* (1960) 178 Cal.App.2d 204 [3 Cal.Rptr. 127], wherein the court was concerned with the proper construction to be placed upon the terms of a similar remittitur (wherein the judgment was reversed with directions to compute the amount due each party plaintiff on account of unpaid pension benefits), the court held that it was proper for the trial court to consider any and all additional facts which might be neces-

sary to determine and compute the amount of unpaid pension benefits due any party plaintiff, including facts which were overlooked through inadvertence on the part of the parties or their counsel upon the first trial. In fact, in the *Abbott* case, the court allowed the defendants to establish an entirely new defense which had been overlooked in the first trial. In rejecting plaintiffs' contention that the trial court exceeded its authority under the terms of the remittitur, the court, at page 210, said: "It is obvious that the Supreme Court did not intend to preclude either of the parties from introducing relevant evidence which might assist the trial court in a final and just disposition of the cases in accordance with any new facts to be developed which might affect the judgments."

In *Skaggs* v. *City of Los Angeles* (1956) 138 Cal.App.2d 269 [291 P.2d 572, 292 P.2d 572], the court again was required to construe a similar mandate of the Supreme Court, upon a former appeal in the same case. In *Skaggs* v. *City of Los Angeles* (1954) 43 Cal.2d 497 [275 P.2d 9], the court had reversed that portion of a judgment which limited plaintiff's recovery of past due pension installments to those which had accrued within six months prior to the filing of plaintiff's second claim with directions to the trial court to recompute the past due installments in accordance with views that were expressed in the opinion, and affirmed the judgment in all other respects. Under the terms of the original judgment, plaintiff's recovery had been limited to those unpaid pension benefits which had accrued within six months prior to the filing of plaintiff's formal claim on February 16, 1951, plus interest thereon at the rate of seven per cent per annum. Although defendants had appealed from the entire judgment, no contention was urged by them in their brief with respect to any error in the allowance of interest, and it was contended upon the second appeal that the trial court was obligated to allow interest on all unpaid pension benefits, including the additional installments which were not provided for in the original judgment, because of defendants' failure to challenge plaintiff's right to interest upon the first appeal. In rejecting this contention, and holding that the trial court was free to determine the interest question upon the second trial, the court, at page 273, said: "The trial court here, however, was not obligated to award interest upon that portion of the total accrued pension payments which it was directed by the remittitur from the Supreme Court to compute and add to its judgment. The Supreme Court, as we have heretofore pointed

out, by its opinion did not discuss the plaintiff's right to interest and the rule of the law of the case does not therefore apply. [Citations.] The trial court was therefore free to exercise its own judgment as to whether or not interest should be allowed upon these additional amounts, despite the fact the Supreme Court had affirmed and left standing those portions of the former judgment which allowed interest from the amount awarded by it.''

In view of the holding of the court in the foregoing decisions, we believe that the trial court in the cases at bar was free to exercise its own judgment as to whether or not interest should be allowed upon those unpaid pension benefits which remained unpaid from and after the effective date of the 1959 amendment to Civil Code, section 3287.

While the factual setting in the *Burris-Nelson* cases is quite different, since these plaintiffs filed their complaint after the effective date of the amendment to section 3287, but omitted praying for prejudgment interest, an award of such interest was proper. In *Benson* v. *City of Los Angeles* (1963) 60 Cal.2d 355, the court, at page 366 [33 Cal.Rptr. 257, 384 P.2d 649], noted ''it should suffice to state that interest may be awarded in a contested action even though there is no specific prayer therefor. [Citations.]''

## II

### APPEALS BY PLAINTIFFS

Plaintiffs in all the cases herein, except the *Nelson* case, contend that they are entitled to recover all unpaid pension benefits which accrued from and after six months prior to the time that each plaintiff filed a written demand or application for increased pension benefits with the Retirement Board. On the other hand, defendants contend that the applications filed in 1958 did not constitute claims against the city within the meaning of the provisions of article 11 (as amended)[4]

---

[4]The provisions of article 11, pertinent to the disposition of the issues herein, provides:

''Section 12. No suit shall be brought upon any claim for money or damages, whether founded on tort or contract, against the City of Pasadena, or any department thereof, until a demand for the same has been presented as provided herein or in any ordinance herein authorized, and rejected in whole or in part.

''. . . . . . . . . . .

''Any claim rejected in whole or in part by the City Controller or other officer except the legislative body of the city whose approval may be required, *may* be presented to the legislative body of the city within

of the Pasadena City Charter, nor did said applications constitute substantial compliance with article 11.

Defendants contend that the documents filed by plaintiffs in 1958 were "applications for increased pension benefits"—not claims, and that plaintiffs' attorneys also considered these documents not to be claims by reason of their failure to file them with the legislative body as required by article 11, section 12 of the Pasadena City Charter.

■ It has long been established law in this state that the principal purpose of any statutory provision which requires the filing of a written claim or demand and the rejection thereof by the municipality as a condition precedent to the filing of a court action is to permit an adequate investigation of the merits of the claim and to permit a settlement thereof without the expense of litigation (*Sandstoe* v. *Atchison T. & S. F. Ry. Co.* (1938) 28 Cal.App.2d 215, 223 [82 P.2d 216]), and substantial compliance with such claim-filing provisions is all that is required. (*Knight* v. *City of Los Angeles* (1945) 26 Cal.2d 764 [160 P.2d 779].)

■ In the case at bar, the documentary evidence clearly reveals that the documents filed in 1958 with the Retirement Board, whether they be called applications for increased pension benefits or by some other name, were in substance *claims* for increased pension benefits. Moreover, these documents were more than sufficient to place the city on notice that each plaintiff was claiming the right to receive a fluctuating pension based on current salaries in accordance with the California Supreme Court's holding in the *Abbott* case. Furthermore, all of the claims were denied after a careful investigation by the city attorney. ■ And, while it is true that none of the claims filed in 1958 specified a given amount of money, it is equally true that they did call attention to the statutory provisions which spelled out the formula and it is obvious that the pension board and the administrative officials had full knowledge of the periods of these plaintiffs' respective employment and of the salary ordinances in force and effect

thirty (30) days after such rejection, and *must* be so presented before the bringing of any suit against said city or any officer, board or department thereof in his or its official capacity, and suit on any claim shall be brought within six months after the rejection of such claim in whole or in part by such legislative body. When any claim is in part allowed and in part rejected by said legislative body, the claimant may refuse to accept such partial allowance and bring suit for the entire amount of such claim, but if any such partial allowance is accepted, no suit shall be brought or maintained upon such claim." (Italics added.)

throughout the period in question, from which data the precise amount due each plaintiff could have been computed.[5] The claims were denied on their merits and solely on the theory that the claimants were not entitled to any revision in their pensions. No suggestion was ever made, either by the city attorney or by the Retirement Board, that the documents filed were insufficient in any matter of form or for lack of a detailed schedule of dollar amounts claimed. Under these circumstances, the 1958 ''applications'' constituted a substantial compliance with the charter requirement.

The city contends, also, that the charter required that a claim, to be effective, also be filed with the legislative body of the city as well as with the controller and the Retirement Board. We find this construction of the charter provisions to be without merit. The Retirement Board had exclusive jurisdiction to administer the pension fund and to determine all matters relating to pension benefits. Had it not been misled by what eventually was to be held to be erroneous advice from the city attorney, it could and would have allowed the claims when originally presented to it, and the present litigation would have been unnecessary. Having rejected the claims, the charter then did require that a claim be filed with the legislative body and be rejected by it as a condition precedent to litigation. But, while no suit could be filed until after the legislative body was thus involved, the rights of the claimant were fixed and established by the filing of a claim with the body authorized by law to allow it. While the charter provisions involved differ, the holding in *Henry* v. *City of Los Angeles* (1962) 201 Cal.App.2d 299, 324-326 [20 Cal.Rptr. 440], supports this construction. In the *Henry* case, plaintiff had filed a claim for a fluctuating rather than a fixed pension in 1955. After it was denied, he took no further action until 1958 when, at a time after the statute of limitations (Code Civ. Proc., § 338, subd. 1) had run, he filed a new claim and sued thereon. The court held that his right to the increased pension was established by the filing of the claim in 1955 and gave him a right thereto for a period beginning six months prior to the date of that claim, but that, since the right to each installment of pension was severable, the statute of limitations prevented recovery for any portion of the pension which had thus become payable more than three years prior to the filing of his lawsuit. In the present cases, action was

---

[5]At oral argument, counsel for defendants admitted that this was true.

brought well within the statutory period after the filing of the 1958 claims and it therefore follows that plaintiffs (except Nelson and Pieper) are entitled to revised pensions computed as from a date six months prior to the filing of their respective "applications" with the city controller and the Retirement Board in 1958. Since, as we have above pointed out, the trial court has already found the amounts involved, no further trial of this issue will be required.

■ Nor do we find any merit with defendants' additional argument that the plaintiffs in the *Adler-Bouslog* cases are now precluded from raising the issue of substantial compliance with reference to the filing of the 1958 claims because this issue was not raised at the first trial or on the previous appeal. In the trial of the first *Adler-Bouslog* cases, the court determined that article 11 of the Pasadena City Charter had no application to claims for unpaid pension benefits, and that each party plaintiff was entitled to recover pension benefits that accrued within three years prior to the filing of the actions. It was only after the decision of the Supreme Court in the first *Adler-Bouslog* appeal, wherein it was determined that "only those unpaid pension benefits which accrued within six months prior to the filing of a written claim and demand for increased benefits were recoverable," that it became material and essential for plaintiffs to establish the propriety of the earlier claims. In light of this record, it would be wholly unjust and inequitable to hold that plaintiffs could not present this issue at this time, since it only became of importance after the decision of the Supreme Court in the first *Adler-Bouslog* appeal.

■ Plaintiff Burris on his appeal also contends that the trial court erred in determining that his fluctuating pension should be based upon the rank of "Sergeant" rather than "Motorcycle Sergeant" or "Police Sergeant (A)."

The evidence, without contradiction, shows that plaintiff Burris held the rank of Police Sergeant (A) or Motorcycle Sergeant in the Pasadena Police Department from April 1, 1946, until July 1, 1958, at which time he was reduced in rank to Sergeant. Plaintiff Burris finally retired from the force on September 30, 1958.

The pertinent provision of the city charter as adopted in 1919, and which concededly applies to plaintiff Burris, provides: "A yearly pension equal to one-half of the amount of the salary attached to the rank or position which he may have held in said department for the period of one year next pre-

ceding the date of such retirement. Such pension shall be payable in equal monthly installments." (Stats. 1919, art. 6, § 11(d), p. 1506.)

The underlying purpose of requiring a minimum period of service in a given rank prior to retirement is to prevent the hasty retirement of the employee immediately following a promotion. (*Whitehead* v. *Davie* (1922) 189 Cal. 715 [209 P. 1008].) Although the charter provision here under discussion does not specifically cover the factual situation here presented, *i.e.*, where the pensioner had two different ranks during the "year next preceding the date of such retirement," the underlying purpose of the section was fulfilled by plaintiff Burris when he served more than one year in the rank of Motorcycle Sergeant and held that rank for the majority of the year immediately preceding his retirement. We believe this holding is consistent with the general rule that all ambiguities in a pension statute are required to be liberally construed in favor of the pensioner. (*Adams* v. *City of Modesto* (1960) 53 Cal.2d 833 [3 Cal.Rptr. 561, 350 P.2d 529].)

In Civil No. 28116, the judgment is affirmed.

In Civil Nos. 28113 and 28114, the cases are remanded to the trial court with directions to modify the judgments so as to grant recovery based on the computations referred to and incorporated by reference in Finding of Fact No. III; as so modified, the judgments are affirmed.

In Civil No. 28115 the case is remanded to the trial court with instructions to modify the judgment as to plaintiff Burris so that it will reflect payments due to plaintiff Burris based on the rank of Police Sergeant (A) (Motorcycle Sergeant), together with interest on such payments to April 15, 1963; and to modify the judgment as to plaintiffs Chase, Arthur and Morgan so as to grant recovery based on the computations referred to and incorporated by reference in finding of fact No. VII; as so modified, the judgment is affirmed.

The motion to augment the record by including copies of the partial satisfactions of the judgments herein involved, relating to matters not before the trial court and not affecting the validity of those judgments, is denied.

Burke, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied September 18, 1964, and the petition of the defendants and appellants for a hearing by the Supreme Court was denied October 28, 1964.