[Civ. No. 32987. Second Dist., Div. One. Mar. 19, 1969.]

STROMBERG, INC., Plaintiff and Appellant, v. LOS ANGELES COUNTY FLOOD CONTROL DISTRICT, Defendant and Respondent.

Paul K. Duffy for Plaintiff and Appellant.

John D. Maharg, County Counsel, and Richard C. Greenberg, Deputy County Counsel, for Defendant and Respondent.

LILLIE, J.—On November 18, 1966, plaintiff filed the within "Complaint For Declaratory Relief" and damages ($194,000) alleging a written contract with defendant Los Angeles County Flood Control District under which it undertook to construct a storm drain, and that defendant delayed its construction, furnished inaccurate plans and specifications and failed to compensate it for extra work; and in paragraph X[1] that on June 8, 1966, it presented a claim to the board of supervisors and the same was denied. In its answer defendant denied all material allegations, specifically[2] paragraph X, set up affirmative defenses, and by counterclaim prayed for damages ($9,900) for late completion of the work under the contract. Thereafter defendant filed notice of motion for summary judgment (§ 437c, Code Civ. Proc.) on the ground, plaintiff's allegation (Par. X) notwithstanding, that "plaintiff has failed to file a claim with defendant's board of supervisors as required by Government Code section 900 et seq."; opposing declarations assert that plaintiff relies upon the service of the complaint in its first lawsuit against defendant (No. 886078) filed May 31, 1966 (subsequently dismissed

---

[1] "That on or about June 8, 1966, plaintiff presented the claim which is the subject of this action to defendant and the Board of Supervisors of the County of Los Angeles in compliance with sections 905, 902.2 and 900.4 of the Government Code of the State of California; that more than forty-five days has [sic] elapsed since service of the said claim upon the aforesaid bodies and said bodies have failed to approve or deny said claims; that by reason of the foregoing inaction, the claim of plaintiff has been denied by the aforesaid bodies."

[2] "8. Answering paragraph X, defendant District denies each and every allegation therein set forth.

by the court) to constitute the filing of a written claim with the board of supervisors. The trial court ruled[3] that the complaint did not constitute a "claim" under the claims statute, and granted the motion. Plaintiff appeals from judgment entered on the order.

Before the court below were the pleadings in plaintiff's first lawsuit entitled Stromberg, Inc. v. Los Angeles County Flood Control District, SC 886078, all pleadings in the instant case, supporting affidavits and the opposing declarations of plaintiff's counsel. On May 31, 1966, plaintiff started its first lawsuit against defendant District (No. 886078) by filing "Complaint For Declaratory Relief" virtually identical with the complaint herein except that it did not allege that it had filed a claim with the County. Service was effected on defendant District June 2, 1966, and on June 8, 1966, the board of supervisors received and filed copy of the complaint "purported to have been served on said District." On June 14, 1966, defendant District filed a general demurrer on the ground that the complaint failed to state facts sufficient to constitute a cause of action in that it did not allege that a claim had been filed with the county; demurrer was sustained with 10 days leave to amend. Thereafter, upon plaintiff's failure to amend, defendant's unopposed motion to dismiss was granted; by order of September 20, 1966, the complaint (No. 886078) was dismissed. Approximately two months later (November 18, 1966) plaintiff filed the within "Complaint For Declaratory Relief" (No. 897996) and, relying on its "Complaint For Declaratory Relief" in the first lawsuit (No. 886078) to constitute the claim required under Government Code section 900 et seq., alleged that it had presented its claim to the county and the same had been denied. (Par. X.) Supporting affidavits establish that within the past three years no claims of any nature have been filed with the board of supervisors by plaintiff against defendant District, and that all claims filed by plaintiff with the auditor-controller,

---

[3] "Motion granted.
"The filing with the Board of the Complaint in case number 886078 did not constitute the filing of a 'claim' under Government Code section 910. All that competently appears is that defendant had knowledge of the lawsuit. The Supplemental Declaration of Counsel Duffy, for plaintiff, does not show that declarant could testify that defendant was aware that the filing of the Complaint constituted, or was meant to constitute a 'claim' and knowledge of the lawsuit does not require defendant to treat the Complaint therein as a claim under Government Code 910.8." (Minute Order, August 3, 1967.)

County of Los Angeles, were in connection with its construction work and have been paid, and no additional claims have been filed.

 It is undisputed that no conventional written claim was filed by plaintiff against defendant District with the board of supervisors under Government Code section 900 et seq.; appellant simply seeks to substitute therefor the complaint in its first lawsuit (No. 886078) which was dismissed for its inability to allege the filing of a claim with the board. Appellant asserts that inasmuch as the complaint contained all of the elements required by section 900 et seq., it constitutes such claim in substantial compliance with the statute, and if said complaint was not sufficient the county was required to so advise it under sections 910.8 and 911; and in any event, defendant should be estopped from asserting that a claim was not made "since [it] did not raise the issue in [its] original answer or demurrer in the second complaint, No. 897996, as [it] had done in the original complaint."

Thus the real issue is whether service on defendant District of "Complaint For Declaratory Relief" which initiated plaintiff's first lawsuit (No. 886078) later dismissed for its failure to allege that a claim had been filed with the board, constitutes the presentation of a claim to the board of supervisors required under the provisions of Government Code section 900 et seq. If it does not, the failure to file a claim is fatal to the within cause. (*Tietz* v. *Los Angeles Unified School Dist.*, 238 Cal.App.2d 905, 911 [48 Cal.Rptr. 245]; *Illerbrun* v. *Conrad*, 216 Cal.App.2d 521, 524 [31 Cal.Rptr. 27]; *Parker* v. *County of Los Angeles*, 62 Cal.App.2d 130, 133 [144 P.2d 70].)

The doctrine of substantial compliance has frequently been invoked to validate a claim in fact filed under the claims statute, although incomplete or defective or presented to the wrong agency, where claimant has made a bona fide attempt to comply with the statutory requirements (*Dillard* v. *County of Kern*, 23 Cal.2d 271, 278 [144 P.2d 365, 150 A.L.R. 1048]; *Hall* v. *City of Los Angeles*, 19 Cal.2d 198, 202 [120 P.2d 13]; *Adler* v. *City of Pasadena*, 229 Cal.App.2d 518, 528 [40 Cal. Rptr. 373]; *Sheeley* v. *City of Santa Clara*, 215 Cal.App.2d 83, 86 [30 Cal.Rptr. 121]; *Johnson* v. *City of Los Angeles*, 134 Cal.App.2d 600, 602 [285 P.2d 713]; *Cruise* v. *City & County of San Francisco*, 101 Cal.App.2d 558, 559 [225 P.2d 988]; *Perry* v. *City of San Diego*, 80 Cal.App.2d 166, 169 [181 P.2d 98]; *Silva* v. *County of Fresno*, 63 Cal.App.2d 253,

257 [146 P.2d 520]) but we know of no case in which it has been invoked to cure an omission to file a claim. The doctrine of substantial compliance cannot be predicated on a complete failure to comply with the mandates of the claims statute. In *Hall* v. *City of Los Angeles*, 19 Cal.2d 198 [120 P.2d 13], appellant, who had filed a claim against the city but therein failed to specify the place of the accident, argued that the notice substantially complied with the requirements of the claims statute and that the city was not misled by her failure to designate the place since city officials through investigation had discovered it. "In each of these cases [relied upon by appellant] there was compliance with all of the requirements enumerated by the statute, but the manner of complying with one of them was defective. The courts have held that a defect in the form of compliance is not fatal so long as there is substantial compliance with the essentials of the requirement. In the present case, however, there is an entire failure on the part of the plaintiff to comply with one of the mandates of the statute. Substantial compliance cannot be predicated upon no compliance. A contrary holding would permit a claimant to bring suit against a city on the basis of a claim that included none of the information required by the statute if he offered to show that the city acquired the information independently of the claim. Such a holding would emasculate the statute." (P. 202.) Apposite is *McGranahan* v. *Rio Vista etc. School Dist.*, 224 Cal.App.2d 624 [36 Cal.Rptr. 798]. Therein plaintiff minor failed to file a claim within 90 days after sustaining an eye injury as required by former section 1007, Education Code; thereafter complications arose and the eye was removed. "[P]laintiff concedes that no formal claim as prescribed by Education Code section 1007 was addressed to the district within the 90-day period, but contends that the various school reports concerning the incident, his father's letter to the C.I.F. Protective Fund, a copy of which was sent to Mr. Hale of the school district, and the written claim filed with the protective fund contained all information required by the district for investigation and possible settlement and thus constituted substantial compliance. The courts have not always required strict compliance where a defective notice clearly apprises the public agency of essential information [citations], but the cases so holding have involved actual attempts to comply with the statutory requirements. Typical examples are improper verifications, unclear descriptions of

the place of the accident, or filing with the wrong county agency. Here, not only was there a failure to file any claim but the affidavits indicate that the plaintiff had no intention of holding the district for general damages until the boy's injury worsened, long after the 90-day period expired. Under these circumstances, the doctrine of substantial compliance is not applicable." (P. 629.)

Likewise, if in fact no claim was filed, plaintiff cannot assert a duty on the part of the county to notify it of "insufficiency of claim" under sections 910.8 and 911, Government Code,[4] or of its failure to file a claim or advise it to do so. (*McGranahan* v. *Rio Vista etc. School Dist.*, 224 Cal.App.2d 624, 630 [36 Cal.Rptr. 798].)[5] On its face the statute requiring the board to give a claimant notice of "insufficiency of claim" implies the prior presentation of such claim.

At this point we note that appellant submits that "after the service of the original complaint the Board of Supervisors made an order denying *the claim* on June 8, 1966. . . ." The implication that a claim was in fact filed is erroneous for absent in the record is any showing that plaintiff ever made a claim or lodged one with the board or that the board ever considered, acted on or denied a claim. Plaintiff's opposing declarations (Exh. A attached thereto) make it clear that on June 8, 1966, the board received and filed a copy of the complaint "purported to have been served" on defendant, but solely as a complaint, not as a claim,[6] and that for plaintiff's failure to complete the work under the written contract and

---

[4]Section 910.8, Government Code: "Board's notice of claim's insufficiency. (a) If in the opinion of the board or the person designated by it a claim as presented fails to comply substantially with the requirements of Sections 910 and 910.2, or with requirements of a form provided under Section 910.4 if a claim is presented pursuant thereto, the board or such person may, at any time within 20 days after the claim is presented, give written notice of its insufficiency, stating with particularity the defects or omissions therein. . . ."

Section 911: "Same: Waiver of defense by failure to give notice. Any defense as to the sufficiency of the claim based upon a defect or omission in the claim as presented is waived by failure to give notice of insufficiency with respect to such defect or omission as provided in Section 910.8, except that no notice need be given and no waiver shall result when the claim as presented fails to state either an address to which the person presenting the claim desires notices to be sent or an address of the claimant."

[5]"The district was not required to tell the plaintiff to seek an attorney or to file a claim (*Cruise* v. *City & County of San Francisco, supra*). In the absence of a duty to speak [citations], silence alone will not create an estoppel [citations]." (224 Cal.App.2d at p. 630.)

[6]"On motion of Supervisor Bonelli . . . the Board hereby receives and files a copy of complaint in action, entitled '*Stromberg, Inc.* v. *Los*

on account of its anticipatory breach, the Board on June 8, 1966, ordered that the contract be canceled and terminated and no further moneys be paid to plaintiff under the contract.

The argument that the complaint in the first lawsuit conveyed all of the information required under section 910, Government Code, thus it fulfills the claim requirements, is unsound if for no other reason than that nothing in the record supports even a suggestion that the Board was ever placed on notice that the complaint was intended by plaintiff to be a claim or had any knowledge that it was meant to function as a claim or that it ever considered it as anything more than a complaint that started a lawsuit against defendant District. The necessity for such a showing is found in the purpose for which the claim statutes were enacted—to give a public entity "timely notice of the nature of claims against it so that it may investigate and settle those of merit without litigation." (*Dias* v. *Eden Township Hospital Dist.*, 57 Cal.2d 502, 503 [20 Cal.Rptr. 630, 370 P.2d 334].) A claim is not simply to inform the county of facts surrounding the purported cause but to give it the opportunity to investigate those facts, gather data, assess the validity of the claim and settle it, all without the burden of litigation. (*Dias* v. *Eden Township Hospital Dist.*, 57 Cal.2d 502, 503 [20 Cal.Rptr. 630, 370 P.2d 334]; *Jackson* v. *Board of Education*, 250 Cal.App.2d 856, 859 [58 Cal.Rptr. 763]; *Adler* v. *City of Pasadena*, 229 Cal.App. 2d 518, 528 [40 Cal.Rptr. 373]; *Wadley* v. *County of Los Angeles*, 205 Cal.App.2d 668, 670 [23 Cal.Rptr. 154]; *Hochfelder* v. *County of Los Angeles*, 126 Cal.App.2d 370, 374 [272 P.2d 844].)[7] According to Plaintiff's own declarations it

*Angeles County Flood Control District'* (Los Angeles Superior Court Case No. 886,078), purported to have been served on said District; . . ."

[7] "One of the reasons for this type of legislation, requiring claims against a county to be first presented to the legislative body before suit is commenced, is to prevent public funds from being consumed in needless litigation by affording the county an opportunity for amicable adjustment before it could be charged with the cost of a suit and incur other expenses. (*Crescent Wharf etc. Co.* v. *Los Angeles*, 207 Cal. 430, 437 [278 P. 1028]; *Western Salt Co.* v. *City of San Diego*, 181 Cal. 696 [186 P. 345].) Another reason is that it provides the public body responsible for making preparations for the fiscal year with an opportunity to be informed in advance as to the indebtedness or liability that it may be expected to meet. (*Crescent Wharf etc. Co.* v. *Los Angeles, supra*; *Arbios* v. *San Bernardino County*, 110 Cal. 553, 555 [42 P. 1080].) A third reason, of course, is to give the county prompt notice of a claim in order to enable the board to investigate and inform themselves of the merits or demerits of a claim while the evidence is still fresh and the witnesses available. (See David, *California Municipal Tort Liability*, 7 So.Cal. L.Rev. 372, 402-405.)" (126 Cal.App.2d 370, 374.)

appears that the copy of "Complaint For Declaratory Relief" "purported to have been served on said District" was received and filed by the board in the regular course of its business simply as a complaint; and the only notification it afforded the board was that a lawsuit had been instituted; and under the circumstances here knowledge of a lawsuit places on the board no duty to treat the complaint therein as a claim under Government Code section 910.8. The county having been thrust into litigation even before it was aware that plaintiff asserted a cause against defendant District, there never has been a time when it had the opportunity to investigate and settle the within action without litigation. When the first complaint was dismissed three and one-half months after it was filed there no longer was any action pending against the District. The county had no way of knowing that plaintiff intended to try to revive its cause by claiming the service of the first complaint on defendant District to be tantamount to the lodging of a proper claim with the board. Thus, after the complaint was dismissed there was neither reason nor necessity to investigate the situation and there was nothing to settle.

Under the foregoing we cannot say that the complaint in the first lawsuit was at the same time a complaint and a claim, or that the filing of the complaint to initiate the first lawsuit, which at the outset was insufficient to support plaintiff's alleged cause, and service thereof on defendant District in the course of that litigation dispensed with the necessity of filing a written claim under Government Code section 900 et seq., or that the first complaint became a proper claim for purposes of the subsequent identical action herein.

Finally, appellant argues that prior to the expiration of the period within which it could have filed a claim defendant, knowing of its reliance upon the first complaint as its "claim" under section 910, failed to raise the issue "in their original answer or demurrer in the second complaint No. 897-996 as they had done in the original complaint," thus it should be estopped from now asserting that no claim was made. Appellant's assertions are simply not true for while defendant had no duty to plead noncompliance with the statute or to tell plaintiff to file a claim (*McGranahan* v. *Rio Vista etc. School Dist.*, 224 Cal.App.2d 624, 630 [36 Cal.Rptr. 798]), from the onset to the end of the statutory period defendant repeatedly placed plaintiff on notice that it had failed to comply with Government Code section 900 et seq.,

and that compliance therewith is a condition precedent to maintaining an action against it. On June 14, 1966, on its general demurrer to the first complaint and in points and authorities attached thereto defendant stated ''The plaintiff has failed to allege in his [*sic*] complaint that a claim was duly filed with the Board of Supervisors, Los Angeles County, and has failed to allege that such claim had been properly rejected,'' and specifically directed plaintiff's attention to the appropriate claims statute; on June 24, 1966, demurrer was sustained with 10 days leave to amend. Plaintiff's counsel was then present in court as well as on September 20, 1966, when the motion to dismiss was granted for plaintiff's failure to amend. The complaint herein alleging the filing of a claim and its rejection (Par. X) was filed November 18, 1966; demurrer on the ground that the first lawsuit on the same cause having been dismissed for failure to file a claim was res judicata, was overruled. Appellant criticizes defendant for not raising the issue of its failure to comply with the claims statute by way of demurrer as it ''had done in the original complaint,'' but inasmuch as the complaint on its face showed that a claim had been filed and rejected, the pleading was not subject to a demurrer on that ground. Appellant also errs in asserting that defendant did not raise the issue by answer; the answer specifically denied paragraph X of the complaint. Even after this plaintiff had time in which to file a claim. Moreover there is no showing that at any time defendant ever represented to plaintiff that a claim had been filed or suggested a willingness to dispense with or waive the same; or that facts were known to defendant that were not also known to plaintiff. During both lawsuits plaintiff was represented by counsel and its attorney is ''charged with knowledge of the law in California'' (*Tubbs* v. *Southern Cal. Rapid Transit Dist.*, 67 Cal.2d 671, 679 [63 Cal.Rptr. 377, 433 P.2d 169]) requiring compliance with the claims statute.

■ ''Generally speaking, four elements must be present in order to apply the doctrine of equitable estoppel: (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury. [Citations.]'' (*Driscoll* v. *City of Los Angeles*, 67 Cal.2d 297, 305 [61 Cal.Rptr. 661, 431 P.2d 245].) *Driscoll*

also held that while the existence of estoppel is generally a question of fact, when the evidence is not in conflict and is susceptible of only one reasonable inference, the existence of estoppel is a question of law. Here we find nothing to justify the application of the doctrine of equitable estoppel.

 Finally, having in mind the foregoing legal principles and our conclusions, we inquire whether the judgment properly rests upon them under the rules governing the summary judgment procedure (§ 437c, Code Civ. Proc.) invoked by defendant. The affidavits in support of defendant's motion, strictly construed, are sufficient to sustain a judgment in its favor, and the opposing declarations, liberally construed, fail to present such facts as to give rise to a triable issue. (*Joslin* v. *Marin Municipal Water Dist.*, 67 Cal.2d 132, 146-147 [60 Cal.Rptr. 377, 429 P.2d 889]; *Pettis* v. *General Tel. Co.*, 66 Cal.2d 503, 505 [58 Cal.Rptr. 316, 426 P.2d 884]; *R. D. Reeder Lathing Co.* v. *Allen*, 66 Cal.2d 373, 376-377 [57 Cal.Rptr. 841, 425 P.2d 785]; *Stationers Corp.* v. *Dun & Bradstreet, Inc.*, 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785].) The motion for summary judgment was properly granted.

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.