[Civ. No. 40039. Second Dist., Div. Three. Feb. 28. 1973.]

ALLEN FOSTER, Plaintiff and Appellant, v.
JOHN McFADDEN et al., Defendants and Respondents.

## COUNSEL

Sterling, Clifton & Riseley and Robert Clifton for Plaintiff and Appellant.

Clausen, Gilliland & Fernandes and Edward G. Koelsche for Defendants and Respondents.

## Opinion

**COBEY, J.**—Plaintiff, Allen Foster, appeals from a judgment in favor of defendants, County Sanitation District No. 2 of Los Angeles County and its employee, John McFadden, in his action for damages for personal injuries. The judgment is based solely on the conclusion of law that plaintiff failed to comply with the Governmental Claims Act. (Gov. Code, § 900 et seq.)[1] The decisive legal question presented is whether a letter from plaintiff's attorney, erroneously addressed to "John McFallon" at the office of the district, with a copy to the district at the same office (both of which apparently were received within the 100-day period for filing claims (see § 911.2)), was sufficient to invoke application of Government Code sections 910.8 and 911. We believe that it was and we therefore reverse.

Apparently on December 30, 1967 defendant McFadden, while operating a bulldozer in the course and scope of his employment by defendant district, struck and injured plaintiff. By the aforementioned letter, dated December 29, 1968, plaintiff's attorney wrote McFadden advising him of his client's name, the date and place of the accident and asking McFadden, if insured, to forward the letter to his insurance carrier and, if not insured, to contact the attorney at once and inform the attorney what he wished to do about the matter. The letter closed with the expressed hope that direct dealing between the parties would avoid the necessity for "initiating formal proceedings."[2]

---

[1] All section references hereafter are to the Government Code.

[2] The letter, save for the attorney's letterhead (including his address), reads:

"February 29, 1968

Mr. John Mc Fallon
C/O Sanitation Districts
2020 West Beverly Boulevard
Los Angeles, California

Re: Our Client:      Allen Foster
    Our File No.     3429
    Accident Date:   December 30, 1967
    Place:           Mission Canyon-Sepulveda Landfill

Dear Mr. Mc Fallon:

Please be advised that this firm has been retained to represent the interests of the above-named client in connection with the above accident.

Please forward this letter to your insurance carrier and have them contact the undersigned immediately. If you carry no insurance, please call this office at once and advise what disposition you wish to make of this matter.

As previously indicated, a copy of this letter was mailed to the district and the district, instead of McFadden, responded to it. By letter dated March 12, 1968, the secretary of the board of directors of the district informed plaintiff's attorney of the name, address and telephone number of the district's insurance carrier and suggested that any further correspondence in connection with the matter be directed to the carrier. Inconclusive dealings regarding the matter thereafter ensued between the carrier and the plaintiff's attorney.

Plaintiff seeks reversal of the judgment against him on three grounds: (1) substantial compliance with the claims act; (2) estoppel of the district to assert noncompliance; (3) waiver by the district of the insufficiency of his claim (the letter of February 29, 1968).

■ The letter does not in content *substantially* comply with the requirements of the claims act.[3] Furthermore plaintiff was not misled by the dis-

---

Trusting we may hear from you shortly, and thus eliminate the necessity for initiating formal proceedings and inconvenience to all parties.

Very truly yours,

/s/   Donald T. Sterling

DONALD T. STERLING
Attorney at Law

DTS:kt

cc:  Sanitation Districts
     2020 West Beverly Boulevard
     Los Angeles, California
     Attention: Sherman Marks"

[3]These requirements are set out in sections 910 and 910.2.

Section 910 reads: "A claim shall be presented by the claimant or by a person acting on his behalf and shall show:

(a) The name and post office address of the claimant;

(b) The post office address to which the person presenting the claim desires notices to be sent;

(c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted;

(d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim;

(e) The name or names of the public employee or employees causing the injury, damage, or loss, if known; and

(f) The amount claimed as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of presentation of the claim, together with the basis of computation of the amount claimed."

Section 910.2, in pertinent part, reads: "The claim shall be signed by the claimant or by some person on his behalf."

We note that the letter lacks completely items (d) and (f) of section 910 and is also deficient in regard to items (a) and (c) of the section.

trict as to the necessity for his filing a claim since prior to the district's replying to his attorney's letter of February 29, 1968, he filed an apparently sufficient claim with the wrong public entity, the City of Los Angeles. Consequently defendants are not estopped to assert their defense of plaintiff's noncompliance with the claims act.

This leaves as the sole issue meriting discussion the legal question whether the letter of February 29, 1968 should be treated as a claim for the purpose of making applicable the fundamental requirement of section 910.8 and the legal consequences of section 911. We refer to the requirement of section 910.8 that if, in the opinion of a board or its designee, a claim, as presented, fails to comply substantially with the claims act, the board or its designee must give written particularized notice to the claimant within 20 days of the claim's insufficiencies and that if this notice is not given, then under section 911 the public entity waives its defense of such insufficiencies.

It is true that the letter under discussion was not itself addressed to the district, is not labeled "claim" and does not even contain the word "claim." But it clearly, if inferentially, suggests to its recipients, McFadden and the district, that plaintiff was injured by McFadden in the course and scope of McFadden's employment by the district in a recent accident occurring at a specified time and place and that therefore the writer of the letter, as plaintiff's attorney, desires either that McFadden refer the letter to his insurance carrier or, if McFadden be uninsured, that he inform the lawyer at once what he wishes to do about the accident. The district obviously construed the letter as being applicable to it because in reply to the letter it furnished plaintiff, through his attorney, with the information through which the attorney could then contact directly *the district's* insurance carrier.

In short, the letter performed the function of a claim. It told the district of a recent accident at a specified time and place involving a specified employee of the district. It inferentially requested that the district forward the letter to its insurance carrier. The district, by its reply to the letter, identified the letter for what it was—an unlabeled and deficient claim by plaintiff against the district for unstated damages for undescribed injuries he allegedly suffered in an identified but undescribed recent accident involving a specified employee of the district.

The California Law Revision Commission originated both sections 910.8 and 911 and their fundamentally identical 1959 predecessors (former §§ 712 and 713). The commission's consultant, Professor Arvo Van Alstyne, explained inferentially in his report to the commission that the

requirement of notice of insufficiency of presented claims was introduced to protect claimants whose claims did not substantially comply with the claims act, but which, nevertheless, were readily identifiable as claims. The professor also intimated that such protection was needed because claims are often prepared by nonlawyers. (See 2 Cal. Law Revision Com. Rep. (1959) A-122—A-124.) The subsequently enacted claims act, however, did not and has never limited this additional protection of claimants solely to claims filed by nonlawyers.[4]

---

[4]As submitted to the Legislature by the commission proposed sections 712 and 713 read:

712. "If in the opinion of the governing body of the local public entity a claim as presented fails to comply substantially with the requirements of Section 711 the governing body may, at any time within 60 days after the claim is presented, give the person presenting the claim written notice of its insufficiency, stating with particularity the defects or omissions therein. The governing body may not take final action on the claim for a period of ten days after such notice is given. A failure or refusal to amend the claim shall not constitute a defense to any action brought upon the cause of action for which the claim was presented if the court finds that the claim as presented complied substantially with Section 711." (2 Cal. Law Revision Com. Rep. (1959) A-13.)

713. "When suit is brought against a local public entity on a cause of action for which this chapter requires a claim to be presented, the local public entity may assert as a defense either that no claim was presented or that a claim as presented did not comply substantially with the requirements of Section 711, unless such defense has been waived. Any defense based upon a defect or omission in a claim as presented is waived by failure of the governing body to give notice of insufficiency with respect to such defect or omission as provided in Section 712, except that no notice need be given and no waiver shall result when the claim as presented fails to give the residence or business address of the person presenting it." (2 Cal. Law Revision Com. Rep. (1959) A-13—A-14.)

As enacted sections 712 and 713 read:

712. "If in the opinion of the governing body of the local public entity a claim as presented fails to comply substantially with the requirements of Section 711 the governing body may, at any time within fifty (50) days after the claim is presented, give written notice of its insufficiency, stating with particularity the defects or omissions therein.

"Such notice may be given by mailing it to the address, if any, stated in the claim as the address to which the person presenting the claim desires notices to be sent. If no such address is stated in the claim, the notice may be mailed to the address, if any, of the claimant as stated in the claim.

"The governing body may not take action on the claim for a period of twenty (20) days after such notice is given. A failure or refusal to amend the claim shall not constitute a defense to any action brought upon the cause of action for which the claim was presented if the court finds that the claim as presented complied substantially with Section 711." (Stats. 1959, ch. 1724, § 1, p. 4135.)

713. "Any defense based upon a defect or omission in a claim as presented is waived by failure of the governing body to mail notice of insufficiency with respect to such defect or omission as provided in Section 712, except that no notice need be mailed and no waiver shall result when the claim as presented fails to state either an address to which the person presenting the claim desires notices to be sent or an address of the claimant." (Stats. 1959, ch. 1724, § 1, p. 4136.)

Sections 910.8 and 911 read:

910.8 "(a) If in the opinion of the board or the person designated by it a claim

The letter under consideration accomplished the two principal purposes of a sufficient claim. It afforded the district the opportunity to make a prompt investigation of the accident occasioning the letter and it gave to the district the opportunity to settle without suit, if it so desired. (See *id.* at p. A-7; *Myers* v. *County of Orange,* 6 Cal.App.3d 626, 637 [86 Cal.Rptr. 198].) We therefore hold that for the purpose of invoking sections 910.8 and 911 of the claims act the letter should be treated as a claim.

The judgment is reversed.

Allport, J., concurred.

**SCHWEITZER, Acting P. J.**—I dissent. I agree with the majority that plaintiff did not substantially comply with the provisions of the claims act, and that the district is not estopped to assert the defense of noncompliance. My dissent is directed solely at their conclusion that the letter of February 29, 1968, from plaintiff's attorney to "John McFallon," quoted in footnote 2 of the majority's opinion, constitutes a claim within the meaning of section 910.8, and that since the district gave no "notice of insufficiency," it has waived the defense of noncompliance. (§ 911.) In my opinion the facts support only one conclusion, that as of February 29, 1968, plaintiff's attorney did not intend that his letter be deemed a claim against the district. His intent as of that date is the crucial issue; the action taken by the district and its insurance carrier following receipt of the letter is irrelevant.

The letter of February 29, 1968 was addressed solely to "John McFallon."[1] It asked *him* to forward the letter to *his* insurance carrier, and if *he*

---

as presented fails to comply substantially with the requirements of Sections 910 and 910.2, or with the requirements of a form provided under Section 910.4 if a claim is presented pursuant thereto, the board or such person may, at any time within 20 days after the claim is presented, give written notice of its insufficiency, stating with particularity the defects or omissions therein.

"(b) Such notice may be given personally to the person presenting the claim or by mailing it to the address, if any, stated in the claim as the address to which the person presenting the claim desires notices to be sent. If no such address is stated in the claim, the notice may be mailed to the address, if any, of the claimant as stated in the claim.

"(c) The board may not take action on the claim for a period of 15 days after such notice is given."

911. "Any defense as to the sufficiency of the claim based upon a defect or omission in the claim as presented is waived by failure to give notice of insufficiency with respect to such defect or omission as provided in Section 910.8, except that no notice need be given and no waiver shall result when the claim as presented fails to state either an address to which the person presenting the claim desires notices to be sent or an address of the claimant."

[1]The district had no employee named "John McFallon"; it had an employee named "John McFadden" who later became a party defendant in this action.

did not carry insurance, for *him* to notify plaintiff's attorney. Except for the date and place of an accident, the letter set forth no details with respect thereto. It did not identify "McFallon" as an employee of the district, although it is reasonable to infer such intent since the letter was addressed to him at the district's office and a copy thereof was sent to the district. The letter did not indicate that "McFallon" was involved in the purported accident while acting within the course and scope of his employment, although a claim thereof might be inferred; on the other hand, since the letter was not addressed to the district, it is just as reasonable to infer that "McFallon's" involvement was personal and that the attorney merely wanted to alert "McFallon's" employer of the incident. The letter made no claim or demand on the district; it requested no information from or action by the district; at most all that plaintiff did with respect to the district was to give it information of the date and place of an accident involving a person by the name of "McFallon."

Section 910.8 is expressly limited in application to situations where a defective claim is presented against a governmental entity; I find no indication therein, or in the legislative history cited by the majority (2 Cal. Law Revision Com. Rep. (1959) A-122—A-124) of an intent to make sections 910.8 and 911 applicable to a situation where, as here, no claim is presented against the governmental entity. As stated in *Stromberg, Inc.* v. *L. A. County Flood etc. Dist.*, 270 Cal.App.2d 759, 764 [76 Cal.Rptr. 183], "if in fact no claim was filed, plaintiff cannot assert a duty on the part of the county to notify it of 'insufficiency of claim' under sections 910.8 and 911, Government Code [footnote omitted], or of its failure to file a claim or advise it to do so. [Citation.]"

My colleagues seek to distinguish *Stromberg* by asserting that the "Mc-Fallon" letter "performed the function of a claim. . . . It inferentially requested that the district forward the letter to its insurance carrier. The district by its reply to the letter, identified the letter for what it was—an unlabeled and deficient claim by plaintiff against the district. . . ."

I disagree with this reasoning. The letter did not perform the function of a claim; it was not addressed to and made no demand on the district; it was not intended to be a claim against the district. I find nothing in the letter which can be construed as a request to the district to forward the letter to its insurance carrier; even if such request can be inferred, that fact cannot change the intent of the letter from a preliminary inquiry and request of "McFallon" for the name of *his* insurance carrier.

The majority then place great significance on the district's letter in reply; apparently because of doubt that the "McFallon" letter constituted a claim

under section 910.8, they "bootstrap" their position by arguing that such doubt was removed when the district "identified the letter for what it was—an unlabeled and deficient claim." This quotation is unsupported by the record; the district's letter in reply did not refer directly or indirectly to the "McFallon" letter as a claim; it was addressed to plaintiff's attorney, referred to his file number, set forth the name, address and telephone number of the district's insurance carrier, and suggested that further correspondence be directed to the carrier. The action taken by the district was similar to that which any employer would probably take if advised that one of its employees had been involved in an accident, the details of which were unknown to the employer. It is unreasonable to hold that this minimal action by the district in response to the "McFallon" letter changed the legal significance thereof from a letter of inquiry to a claim against the district.

The facts presented support only one conclusion—since no claim was filed, no duty was imposed on the district to notify plaintiff of "insufficiency of claim" under sections 910.8 and 911; the district did not waive its defense of noncompliance with the claims act.

I would affirm the judgment.