[No. D002540. Fourth Dist., Div. One. Mar. 25, 1986.]

DANIEL LUTZ et al., Plaintiffs and Appellants, v.
TRI-CITY HOSPITAL, Defendant and Respondent.

**COUNSEL**

Donald E. Moses for Plaintiffs and Appellants.

Thompson & Colegate, Sharon J. Waters, Carlo Coppo & Associates and Robert A. Cosgrove for Defendant and Respondent.

**OPINION**

**BUTLER, J.**—Daniel Lutz was injured in an automobile accident and was admitted for treatment September 22, 1983, to Tri-City Hospital, a local hospital district. September 30, 1983, at Tri-City, he was operated on for application of an external fixitor, left femur, and a fusion of two cervical vertebrae. Following the operation, the operative record noted Lutz could move his arms. However, his legs didn't move. Lutz[1] wants to sue Tri-City for paraplegia said to be the result of his operation.

Tri-City is a public entity. At all relevant times, Tri-City maintained on file with the California Secretary of State and the San Diego County Clerk the statement described in Government Code[2] section 53050 as required by section 946.4. A claim relating to injury to the person is required to be presented to Tri-City within 100 days after the accrual of the cause of action (§§ 945.4, 911.2). As the operation occurred September 30, 1983, Lutz was required to present his claim on or before January 8, 1984. Lutz failed to file any claim. August 31, 1984, some 8 months after the end of the 100-day period, Lutz filed with Tri-City an application to present a late claim which was denied October 25, 1984.

---

[1] Lutz' wife Nancy, who seeks damages for loss of consortium, is included in our references to Lutz, except as otherwise noted.

[2] All statutory references are to the Government Code unless otherwise specified.

September 26, 1984, Lutz filed with the court his petition for relief from claim requirements under section 946.6 which was denied November 30, 1984. Lutz appeals, contending the court abused its discretion, his physical disability prevented his filing a claim and Tri-City waived its right to require a claim by failing to respond to his notice of intention to commence action for malpractice (Code Civ. Proc., § 364). Lutz' contentions are meritless.

I

Lutz claims the court abused its discretion in failing to find the failure to file the claim within 100 days was due to excusable neglect. In his August 31, 1984 declaration to support his claim against Tri-City, Lutz states he was "of the erroneous impression that Tri City Hospital was a private hospital and were [*sic*] surprised to learn that Tri City Hospital is a Hospital District." The record belies his declaration.

September 25, 1983, Nancy signed on Lutz' behalf a form of admission agreement at the top of which appears "Tri-City Hospital" in large letters and immediately below, in capital letters "a LOCAL HOSPITAL DISTRICT."

October 12, 1983, Lutz himself signed two forms of consent to procedures with the same caption. Computerized billing printouts with like captions were mailed to Lutz in October and November 1983.

On March 19, 1984, Lutz signed an authorization for release of medical records to his attorney Donald E. Moses. Smart Corporation, a local copier of such records, copied Tri-City records and mailed them to Moses March 23, 1984. Each of the 44 pages bore the designation in either the lower or upper left corner, "Tri-City Hospital a Local Hospital District."

The showing necessary for granting a petitioner relief under section 946.6 (former § 912, now § 946.6) through mistake, inadvertence, surprise or excusable neglect is the same as required under Code of Civil Procedure section 473 for relieving a party from a default judgment (*Viles* v. *State of California* (1967) 66 Cal.2d 24, 29 [56 Cal.Rptr. 666, 423 P.2d 818]), and is directed to "the 100-day period of section 911.2 and not to the 'reasonable time not to exceed [1 year]' period of sections 911.4 and 946.6." (*El Dorado Irrigation Dist.* v. *Superior Court* (1979) 98 Cal.App.3d 57, 62, fn. omitted [159 Cal.Rptr. 267].) "The granting or denial of a petition for relief under section 946.6 rests within the discretion of the trial court and

its determination will not be disturbed on appeal except for abuse of that discretion. [Citations.]" (*Rivera* v. *City of Carson* (1981) 117 Cal.App.3d 718, 725 [173 Cal.Rptr. 4].)

 Lutz does not offer any explanation why he was unaware of Tri-City's status as a public entity despite having received documents during and after the 100-day period clearly setting out that status. He offers no explanation why his lawyer failed to discover the status when he received the voluminous medical records, each page of which designated Tri-City as a public entity. Nancy submitted no declaration on her behalf and Lutz makes no reference to or explanation of her failure to discover Tri-City's status or any efforts on her part so to do. The record does not disclose any efforts of Lutz or his lawyer to ascertain Tri-City's status and the record is silent as to how that public entity status was discovered on or before August 31, 1984, the date the claim was filed with Tri-City.

Lutz has failed to carry his burden of proof to demonstrate surprise, mistake, excusable neglect or inadvertence. The court did not abuse its discretion in denying relief from late filing as to those counts.

These same comments apply as to Lutz' failure to seek relief within a reasonable time not to exceed one year. Section 946.6, subdivision (c), requires an explanation for his failure to seek relief within a reasonable time after expiration of the 100 days on January 8, 1984. He did nothing until August 31, 1984, when he filed his claim with Tri-City. He retained Moses on or before March 19, 1984. Moses was in possession of Tri-City records on or shortly after March 23, 1984. Those records clearly show Tri-City's status. Lutz fails to explain his five-month delay in seeking relief. Considering the circumstances, we conclude the application for relief was not filed within a reasonable time.

## II

 Lutz asserts his physical incapacity during the 100-day period excuses his failure to present a claim to Tri-City during that time. Section 946.6, subdivision (c)(3), provides for relief from failure to timely file a claim when the person sustaining the injury was physically or mentally incapacitated during the entire 100-day period and by reason thereof failed to present a claim. Lutz has totally failed to present any evidence of physical or mental disability such as to render him incapable of attending to the filing of a claim. (*Bennett* v. *City of Los Angeles* (1970) 12 Cal.App.3d 116, 121 [90 Cal.Rptr. 479].) Tri-City's medical records reflect an inability to move his legs. We find no medical evidence with respect to paraplegia and regard his statements and conclusions as to that condition as unsupported. Importantly, Lutz does not suggest how his claimed paraplegia prevented him from

attending to his claim within the 100-day time limit. As evidenced by his signature on the medical authorization, he had access to a lawyer and was able to file a claim with Tri-City in August. The court correctly ruled physical incapacity was not the cause of Lutz' failure to file within the 100-day period.

## III

■ Long after expiration of the 100-day period and on May 30, 1984, Moses filed with Tri-City a notice of intention to commence an action based upon health care provider's professional negligence (Code Civ. Proc., § 364). The notice names North County Neurosurgical Medical Group, Inc., Robert Andrews, M.D., Tri-City Orthopedic Surgery, James A. Helgager, M.D., and Tri-City Hospital. The notice states theories of liability and the nature of the losses sustained and the injuries suffered, none of which appear to place Tri-City on notice of any instances of misconduct leading to Lutz' claimed injuries. Lutz argues the failure of Tri-City to respond to that notice within 45 days is a waiver of Tri-City's defense of failure to present a claim. Section 911.3 provides the failure to give notice within 45 days from the filing of a late claim constitutes the waiver of the defense of untimely filing. The argument meritlessly assumes the filing of the notice constituted the filing of a late claim.

Code of Civil Procedure section 364, subdivision (a), provides no action based on a health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of intention to commence the action. Subdivision (b) does not require a particular form of notice but the notice must set out the legal basis for the claim and the type of loss sustained, "including with specificity the nature of the injuries suffered."

Failure to comply with Code of Civil Procedure section 364 is not jurisdictional; it simply furnishes a ground for discipline by the state bar. (*Lesko* v. *Superior Court* (1982) 127 Cal.App.3d 476, 482 [179 Cal.Rptr. 595].) The Code of Civil Procedure section 364 notice acts to extend and to toll the applicable statute of limitations. (*Banfield* v. *Sierra View Local Dist. Hospital* (1981) 124 Cal.App.3d 444, 457 [177 Cal.Rptr. 290].)

On the other hand, submission of a claim to a public entity is a condition precedent to a tort action and the failure to present the claim bars the action. (*Williams* v. *Horvath* (1976) 16 Cal.3d 834 [129 Cal.Rptr. 453, 548 P.2d 1125].)

Section 910 mandates the matters that must be shown on the face of the claim filed with the public entity. Lutz' notice does not include or set forth

any of the matters required by section 910 to be enumerated on the face of the claim. These matters enable the public entity to investigate and provide an opportunity for settlement. (*Eaton* v. *Ventura Port Dist.* (1975) 45 Cal.App.3d 862, 867 [119 Cal.Rptr. 746].) The failure substantially to comply with these requirements bars the maintenance of the action. (*Ibid.*)

Lutz' Code of Civil Procedure section 364 notice does not constitute the filing of a claim, late or otherwise, and Tri-City's failure to respond does not constitute a waiver of its defense.

Order affirmed.

Kremer, P. J., and Wiener, J., concurred.