[No. F015271. Fifth Dist. Aug. 12, 1992.]

BARBARA WATTS et al., Plaintiffs and Appellants, v.
VALLEY MEDICAL CENTER OF FRESNO, Defendant and Respondent.

## COUNSEL

Oreck & Oreck and Eugene R. Oreck for Plaintiffs and Appellants.

Eldridge, Anderson & Weakley, William D. Anderson and Patrice Reitz-Braze for Defendant and Respondent

## OPINION

**VARTABEDIAN, J.**—Appellants Barbara Watts and Felton Coleman filed a complaint against Valley Medical Center (respondent) and others alleging

that their adult daughter, Charlotte Coleman, died as a result of medical malpractice. Respondent's motion for summary judgment, predicated on its claim that appellants had not complied with the provisions of the Tort Claims Act (Gov. Code, § 900 et seq.) was granted.

We are called upon to interpret the California Supreme Court case of *Phillips* v. *Desert Hospital Dist.* (1989) 49 Cal.3d 699 [263 Cal.Rptr. 119, 780 P.2d 349] and to decide whether appellants can raise errors claimed to have been committed by the trial court in an earlier denial of appellants' motion to strike respondent's Tort Claims Act defense and/or to relieve appellants of certain requirements under that act, on appeal of the summary judgment absent a direct appeal of the order denying the earlier motion. We reverse, determining that based on *Phillips*, as applied to the instant facts, the earlier order has no effect on this appeal because respondent has waived its claim of noncompliance with the Tort Claims Act as a defense to appellants' action.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 7, 1987, Charlotte Coleman died while she was a patient at Valley Medical Center. On May 17, 1989, appellants discovered that Charlotte's death may have been the result of medical malpractice. On June 22, 1989, plaintiffs served notice on respondent of their intention to sue pursuant to Code of Civil Procedure section 364.[1] Respondent made no efforts to notify appellants of any insufficiencies in the Code of Civil Procedure section 364 claim based on the fact that Valley Medical Center was a political subdivision of the County of Fresno.

On September 18, 1989, appellants filed their complaint. On April 2, 1990, respondent filed its answer. Respondent listed the following as its fifth affirmative defense:

"That the matters complained of in plaintiffs' complaint fail to state sufficient facts to constitute a cause of action against this answering defendant, inasmuch as plaintiffs have failed to comply with the California Tort Claim Act as set out in *California Government Code*, Sections 911.2, 911.4, 945.4, 945.6, 950.2, and 950.6."

On June 19, 1990, appellants filed a motion to strike respondent's fifth affirmative defense or, in the alternative, for relief from the requirements of

---

[1]Code of Civil Procedure section 364, subdivision (a), states: "No action based upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action."

Government Code section 945.4. Appellants argued they should be relieved from the claim presentation requirements of the Tort Claims Act because respondent failed to file a public agency statement with the Secretary of State and/or the failure to comply with the claims statutes should be excused based on mistake, inadvertence, surprise, or excusable neglect as set forth in Government Code section 946.6.

On July 2, 1990, appellants filed a supplemental memorandum of points and authorities in support of their motion, citing *Phillips* v. *Desert Hospital Dist., supra*, 49 Cal.3d 699. Appellants asserted that *Phillips* applied and required the court to strike respondent's fifth affirmative defense.

On July 19, 1990, an order was filed denying appellants' motion. The trial court ruled as follows:

"The facts establish that defendant, VALLEY MEDICAL CENTER, was not required to file with the Secretary of State and County Clerk under *Government Code*, section 53051 as the governing body of the hospital is the Board of Supervisors of the County of Fresno and counties are exempt from filing by the terms of the statute.

"The facts also establish that defendant, VALLEY MEDICAL CENTER, justifiably relied on the then existing case law holding a public entity need not treat a notice of intention to commence an action based on a health care provider's alleged professional negligence as a defective claim when it received plaintiff's *Government Code*, section 364 letter. Therefore, the holding of *Phillips* v. *Desert Hospital* (Oct. 1989) 49 Cal.3d 699 will not be applied retroactively.

"The facts establish plaintiffs did not use reasonable diligence to ascertain the public entity status of defendant, VALLEY MEDICAL CENTER.

"Therefore plaintiffs' motion to strike defendant, VALLEY MEDICAL CENTER'S Fifth Affirmative Defense, or in the alternative for relief from the requirements of *Government Code*, section 945.4, is denied."

Appellants did not appeal this order. On October 22, 1990, respondent filed a motion for summary judgment, claiming the wrongful death action could not be maintained against a public entity without the presentation of a timely claim. Respondent argued that appellants failed in their attempt to be relieved of the claim presentation requirements and that the prior order was a final judgment because appellants did not appeal it.

The trial court ruled in respondent's favor on the summary judgment motion as follows:

"[Valley Medical Center] argues the suit here is barred by failure to comply with the California Tort Claims Act. Defendant then argues that this Court's order of July 16, 1990 denying Plaintiffs' motion to strike the affirmative defense was an appealable order and that the time to appeal has expired.

"Support is sought in the case of *Dockter* v. *City of Santa Ana* (1968) 261 Cal.App.2d 69 [67 Cal.Rptr. 686] which held that an order denying a petition for leave to file a late claim was an appealable order. Since Plaintiffs did not appeal within 60 days as required by California Rules of Court 2, the Defendant argues the claim should be subject to summary judgment.

"Opposition centers on a request that the failure of Valley Medical to give notice to Plaintiffs that their claim to them complained [*sic*] waived any defenses as provided for by *Phillips* v. *Desert Hospital District* (. . . 1989) 49 Cal.3d 699.

"However, the problem with the argument is that this Court's ruling of July 19 specifically stated that *Phillips* would not be applied retroactively. The ruling also specifically stated that Valley Medical justifiably relied on then existing case law that they need not treat the letter as a defective claim.

"As such, it would appear plaintiffs' argument is without merit.

"Since these arguments fail, it would appear plaintiffs did need to appeal from the ruling and their failure to do so in a timely manner is a bar to the current claims.

"It is true, as Plaintiffs argue, that the denial of the motion to strike the affirmative defense is not an appealable order (see 9 Witkin, *California Procedure*, 3d, Appeal, Section 83). However, this appears to be a moot point because if one finds the claim is barred, then the existence of an affirmative defense is immaterial.

"For these reasons, Valley Medical's motion for summary judgment is GRANTED."

### DISCUSSION

In *Phillips* v. *Desert Hospital Dist.*, *supra*, 49 Cal.3d 699, the California Supreme Court:

"granted review . . . to determine whether a notice of intention to commence an action based upon a health care provider's alleged professional

negligence (Code Civ. Proc., § 364, subd. (a)) may activate the notice and defense-waiver provisions (Gov. Code, §§ 910.8, 911, 911.3) of the Torts Claims Act (Gov. Code, § 900 et seq.) (act). [The court] conclude[d] that a public entity must treat a notice . . . that alerts it to the existence of a claim for monetary damages and an impending lawsuit but fails to comply substantially with the claim presentation requirements of the act, *as a defective 'claim'* that triggers the operation of sections 910.8, 911 and 911.3. These sections (1) require a public entity to notify a claimant of any insufficiencies of content or timeliness that prevent a claim as presented from satisfying the requirements of the act and (2) provide that failure to give such notice waives any defenses based on those insufficiencies." (*Phillips* v. *Desert Hospital Dist., supra,* 49 Cal.3d at pp. 701-702, italics added, fn. omitted.)

In reaching its decision, the court reviewed the Tort Claims Act, focusing on its purpose:

"It is well settled that the purpose of the claims statutes 'is to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation. [Citations.]' [Citation.] To achieve this purpose, section 911.2 requires a claimant to present a claim to the public entity within a specified time after accrual of the cause of action. In medical malpractice cases, the action accrues on claimants' actual or constructive discovery of the malpractice. [Citation.]

"If the public entity determines a 'claim as presented' fails to comply substantially with sections 910 and 910.2, and is therefore defective, the public entity may either 'give written notice of [the claim's] insufficiency, stating with particularity the defects or omissions therein' within 20 days (§ 910.8; . . .), or waive any defense 'as to the sufficiency of the claim based upon a defect or omission in the claim as presented . . . .' (§ 911; . . .) If the public entity does send a notice of insufficiency, it may not take further action on the defective claim for a period of 15 days after such notice is given. (§ 910.8; . . .) Whether or not it decides to provide a notice of insufficiency, the public entity must notify the claimant within 45 days after the claim is presented whether the claim, defective or otherwise, was timely filed. (§ 911.3, subd. (a); . . .) Thus, if a section 910.8 notice of insufficiency is sent, the board must make a timeliness determination within 10 days after the last date the claimant could amend the claim to cure the insufficiency identified. Failure to provide such notice of timeliness waives a public entity's defense based on untimeliness even if the claim is otherwise insufficient, unless the claimant has failed to state in the claim an address where such notices should be sent. (§ 911.3, subd. (b); . . .)

"The Legislature has thus provided a comprehensive scheme which requires a claimant to notify the appropriate public entity of a claim. This notification in turn allows the public entity an opportunity to determine expeditiously the claim's timeliness and sufficiency. If the notice is untimely or lacks any of the information required by sections 910 and 910.2, the public entity may require the claimant to justify the delay or supply the missing data. If the public entity fails to require the claimant to cure such defects, then it waives certain defenses which are otherwise available to challenge a lawsuit based upon the claim. This possibility of waiver encourages public entities to investigate claims promptly, and to make and notify claimants of their determinations, thus enabling the claimants to perfect their claims. The overall result is an incentive to public entities to manage and control the claims made against them." (*Phillips* v. *Desert Hospital Dist.*, *supra*, 49 Cal.3d at pp. 705-706, fn. omitted.)

In *Phillips*, the hospital argued that a Code of Civil Procedure section 364 notice was merely a notice of a possible claim which the hospital was at liberty to ignore without consequence. The Supreme Court disagreed:

"[W]e perceive no principled basis for such a distinction and . . . conclude that a notice, such as plaintiffs' 364 notice, which discloses the existence of a claim that if not paid or otherwise resolved will result in litigation, must be treated as a *defective 'claim'* activating the notice and defense-waiver provisions of the act, sections 910.8, 911 and 911.3." (*Phillips* v. *Desert Hospital Dist.*, *supra*, 49 Cal.3d at pp. 707-708, italics added.)

"We conclude, therefore, that a document constitutes a 'claim as presented' triggering sections 910.8, 911 and 911.3, if it discloses the existence of a 'claim' which, if not satisfactorily resolved, will result in a lawsuit against the entity. [Citation.] A public entity's receipt of written notice that a claim for monetary damages exists and that litigation may ensue places upon the public entity the responsibility, and gives it the opportunity, to notify the potential plaintiff pursuant to sections 910.8 and 911 of the defects that render the document insufficient under sections 910 and 910.2 and thus might hamper investigation and possible settlement of the claim. Such a written notice claiming monetary damages thereby satisfies the purposes of the claims act—to facilitate investigation of disputes and their settlement without trial if appropriate [citation]." (*Phillips* v. *Desert Hospital Dist.*, *supra*, 49 Cal.3d at p. 709.)

Appellants argue *Phillips* should be applied retroactively. Respondent urges that the retroactivity of *Phillips* is not properly before us and, if it is, *Phillips* should be given only prospective application.

█ The parties fail to cite *Wilson* v. *Tri-City Hospital Dist.* (1990) 221 Cal.App.3d 441 [270 Cal.Rptr. 436], which held that *Phillips* should be applied retroactively.

"In general, judicial decisions are given retroactive effect. [Citation.] Exceptions to the general rule are rare and usually occur when prospective application is essential to preclude injustice. [Citation.] ' "[T]he hardship on parties who would be saddled with an unjust precedent if the overruling were not made retroactive, ordinarily outweighs any hardship on those who acted under the old rule or any benefits that might be derived from limiting the new rule to prospective operation." ' [Citation.]" (*Wilson* v. *Tri-City Hospital Dist.*, *supra*, 221 Cal.App.3d at p. 450, fn. omitted.)

The appellate court in *Wilson* found that retroactive application of *Phillips* would only require the public entity to defend itself on the merits while the failure to apply *Phillips* would deprive the plaintiff of any trial on the merits. The court noted that although appellate courts were not previously in agreement on the question raised in *Phillips*, *Phillips* does not represent such a sharp departure from precedent as to make it in any way unfair to give a plaintiff the full benefit of *Phillips*. (*Wilson* v. *Tri-City Hospital Dist.*, *supra*, 221 Cal.App.3d at p. 450.) We agree with *Wilson* and find *Phillips* should be applied retroactively.

█ Respondent argues, as it argued below at the summary judgment motion, that appellants have waived any issue regarding the proper presentation of the claim by failing to appeal the order denying the motion to strike the affirmative defense and/or to be granted relief from Government Code section 945.4.

Neither party disputes that an order denying a petition for relief from the claim presentation requirements of Government Code section 945.4 is an appealable order. (*Dockter* v. *City of Santa Ana* (1968) 261 Cal.App.2d 69, 74 [67 Cal.Rptr. 686].) The parties also do not dispute that a ruling on a motion to strike an affirmative defense is not a final order and is not appealable. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 83, pp. 105-106.) Thus, if this action is characterized as one that cannot be pursued unless appellants are given relief from the claim presentation requirements of Government Code section 945.4, then by failing to appeal the July 19, 1990, order, appellants would be precluded from asserting this issue in the present appeal.

Government Code section 945.4 provides:

"Except as provided in Sections 946.4 and 946.6, no suit for money or damages may be brought against a public entity on a cause of action for

which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division."

Government Code section 946.6, subdivision (a), states in pertinent part:

"Where an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from Section 945.4."

*Phillips* held that service of a Code of Civil Procedure section 364 notice upon a governmental agency, although a defective claim, is a "claim as presented" triggering the notice and defense-waiver provisions of the Tort Claims Act. (*Phillips* v. *Desert Hospital Dist.*, *supra*, 49 Cal.3d at p. 709). Thus, under a retroactive application of *Phillips*, the appellants have presented a claim sufficient to comply with the Tort Claims Act; it was not necessary to obtain relief from the claim presentation requirements of Government Code section 945.4.

Furthermore, respondent's fifth affirmative defense, here, is barred and should have been stricken during the earlier proceedings. As was stated by the *Phillips* court:

"Inasmuch as the hospital failed to notify plaintiffs of the insufficiencies in their 364 notice that rendered it defective to comply substantially with sections 910 and 910.2, the hospital has waived any defenses it may have otherwise asserted based on such insufficiencies. (§ 911.) Further, as it failed to notify plaintiffs of any timeliness defects (§ 911.3, subd. (a)), the hospital has similarly waived any defenses it might have raised on the ground of plaintiffs' asserted failure to present a timely claim (§ 911.3, subd. (b))." (*Phillips* v. *Desert Hospital Dist.*, *supra*, 49 Cal.3d at p. 711.)

Appellants' failure to appeal from the earlier order denying them relief from the provisions of Government Code section 945.4, such relief being unnecessary, is not a bar to their present appeal. The trial court erred in finding appellants' claim to be barred and in granting the summary judgment motion.

## DISPOSITION

The summary judgment is reversed. Appellants are awarded costs on appeal.

Best, P. J., and Franson, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal, Fifth District, sitting under assignment by the Chairperson of the Judicial Council.