Filed 3/19/15  Stamps v. Barrera CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| EDRIK LEE STAMPS, | B256649 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC523394) |
| v. | |
| ADRIANA BARRERA, as Interim Chancellor, etc., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Teresa Sanchez-Gordon, Judge.  Affirmed.

Edrik Lee Stamps, in pro. per., for Plaintiff and Appellant.

Los Angeles Community College District, Office of General Counsel, Camille A. Goulet, Kevin D. Jeter, Anne L. Diga and Eric C. Kim for Defendant and Respondent.

Edrik Lee Stamps appeals a judgment after the sustaining of a demurrer to his complaint against Adriana Barrera, as interim chancellor of the Los Angeles Community College District (LACCD). He contends the trial court erred by concluding that he failed to comply with the claim presentation requirement and that the complaint fails to allege any basis for Barrera's liability. We conclude that the court properly sustained the demurrer without leave to amend based on the failure to allege compliance with the claim presentation requirement or an excuse for failing to present a timely claim. We therefore affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *Complaint*

Stamps filed a complaint for money damages against Barrera, as interim chancellor, in October 2013. He alleges a single count for civil harassment. Stamps alleges as follows: "Ms. Ford" spoke with him in class about some e-mails that he had sent her. She told him that his tone with inappropriate "and some other things about how she thought about the conversation that was held." She approached him later during the same class after a break and told him that she had heard him making rude comments about her in the hallway. In fact, he had not made any rude comments, and he denied doing so. Ms. Ford told him to leave the classroom and that officers were on their way. Stamps left the classroom. He encountered officers outside the classroom and walked into an elevator. The officers pointed stun guns at him and asked to speak with him in the dean's office. The officers accompanied him to the dean's office, but the dean was not there.

Stamps alleges, "I was not comfortable, the officers did not conduct themselves appropriately, and I was harassed and lied upon by a member of the Los Angeles Southwest College and LACCD faculty."

Attached as exhibits to the complaint are (1) e-mails between Stamps and Bettye J. Ford; (2) a letter dated March 27, 2013, from Oscar Cobian, Dean of Student Services at Los Angeles Southwest College, to Stamps notifying him of his suspension from a psychology class for the rest of the spring semester and his right to request

2

a hearing; (3) a notice of suspension form dated March 27, 2013; (4) a notice of charges form of the same date stating that Stamps was charged with willful disobedience and class disruption; (5) e-mail messages concerning the suspension; and (6) a letter dated April 11, 2013, from Cobian to Stamps stating that the Student Discipline Committee had decided to uphold his suspension from Los Angeles Southwest College for the rest of the spring semester.

2. *Demurrer*

Barrera filed a general demurrer to the complaint in November 2013 on the grounds of (1) failure to comply with the Government Claims Act (Gov. Code, § 900 et seq.); (2) failure to allege facts sufficient to state a cause of action (Code Civ. Proc., § 430.10, subd. (e)); (3) immunity from liability for the acts of another (Gov. Code, § 820.8); and (4) res judicata.

Barrera requested judicial notice of Stamps's prior complaint against Daniel J. LaVista, as chancellor of LACCD, which was identical to his present complaint against Barrera except for the named defendant. She also requested judicial notice of an order dismissing Stamps's complaint against LaVista with prejudice. She filed a declaration by her attorney stating that the trial court in the prior action sustained the defendant's demurrer with leave to amend and then dismissed the complaint with prejudice after Stamps failed to amend his complaint.

3. *Opposition to Demurrer*

Stamps argued in opposition to the demurrer, "Complaint was submitted to the responsible public entity and deemed rejected before lawsuit was filed." He attached a letter dated June 5, 2013, from Gene E. Little, Director of LACCD's Office of Diversity Programs, stating:

"This is to acknowledge receipt of your complaint of unlawful discrimination against Bettye Ford and unnamed sheriff officers. Your complaint as filed alleges civil harassment by the above individuals. The Office of Diversity Programs investigates claims of unlawful discrimination as defined by state and federal statutes, and your

3

complaint of civil harassment does not meet those criteria. I recommend that you confer with the administration at Los Angeles Southwest College."

Stamps also argued in opposition to the demurrer, "I request that you subpoena Sheriff Officers (Gibson), (Brown), and Bettye Ford to testify in court for sufficient facts to constitute a cause of action." He argued further, "The DIVERSITY MESSAGE FROM THE CHANCELLOR, Dr. Daniel LaVista states, 'As an essential part of building and maintaining a genuinely inclusive community on campus, we confront intolerance and racial or ethnic bias when we encounter it, and we do not tolerate racial discrimination, sexual harassment or any other form of offensive discrimination when it appears on campus.['] As District's Interim Chancellor, this is also your role." He attached a document entitled Diversity Message From the Chancellor (capitalization omitted) so stating.

Stamps also argued, "Opposition to Demurrer cancels bar by res judicata."

4. *Trial Court's Ruling*

The trial court filed a minute order on May 21, 2014, sustaining the demurrer without leave to amend. It stated that the complaint failed to plead compliance with the claim presentation requirement. It also stated that the complaint alleged no act by Barrera and no basis for her liability, and Government Code section 820.8 immunizes a public employee from liability for the acts of another.[1] The court did not rule on the request for judicial notice. The court therefore dismissed the complaint with prejudice.

Stamps timely appealed the judgment of dismissal.

### CONTENTIONS

Stamps contends (1) "Complaint was submitted to the responsible public entity and deemed rejected before lawsuit was filed" and (2) "Diversity message from Chancellor, Dr. Daniel J. LaVista claims liability."

---

[1] The court also stated that the demurrer could not be sustained based on res judicata.

4

*DISCUSSION*

1.      *Standard of Review*

A demurrer tests the legal sufficiency of the factual allegations in a complaint. We independently review the sustaining of a demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action or discloses a complete defense. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.) We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has been taken. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) We construe the pleading in a reasonable manner and read the allegations in context. (*Ibid.*) We must affirm the judgment if the sustaining of a general demurrer was proper on any of the grounds stated in the demurrer, regardless of the trial court's stated reasons. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.)

It is an abuse of discretion to sustain a demurrer without leave to amend if there is a reasonable probability that the defect can be cured by amendment. (*Schifando v. City of Los Angeles*, *supra*, 31 Cal.4th at p. 1082.) The plaintiff has the burden to show how the complaint could be amended to cure any defect. (*Ibid.*) The plaintiff can make that showing for the first time on appeal. (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1386.)

2.      *Stamps Fails to Plead Compliance with the Claim Presentation Requirement*

A person must present a timely claim for money or damages to a local public entity before suing the local public entity for money or damages. (Gov. Code, §§ 905, 945.4.) The timely presentation of a claim against a public entity also is required before suing an employee of the public entity for injury resulting from an act or omission in the scope of his or her employment.[2] (*Id.*, § 950.2; *Briggs v. Lawrence* (1991)

---

[2]      A public employee generally is not liable for an injury caused by the act or omission of another person. (Gov. Code, § 820.8.)

5

230 Cal.App.3d 605, 613.) A claim must describe the injury and the circumstances giving rise to the claim and must state the names of the public employees who caused the injury, if known. (Gov. Code, § 910.) The purpose of the claim presentation requirement is " 'to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation. [Citations.]' [Citation.]" (*Phillips v. Desert Hospital Dist.* (1989) 49 Cal.3d 699, 705.)

A plaintiff filing an action on a claim must allege facts showing compliance with the claim presentation requirement or excusing compliance. A complaint that fails to so allege is subject to a general demurrer. (*State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1243.)

Stamps fails to allege in his complaint that he presented a claim for money or damages to LACCD before filing his present complaint. He cites the letter dated June 5, 2013, from the Director of LACCD's Office of Diversity Programs acknowledging receipt of his complaint alleging civil harassment by Ford and unnamed sheriff officers. But the letter does not mention Barrera and does not state or suggest that Stamps presented a claim to LACCD identifying Barrera as the alleged cause of injury. Although Stamps implicitly argues that he could amend his complaint to allege that he presented a claim to LACCD, he does not suggest and there is no indication that his purported claim identified Barrera as the cause of injury, as required to maintain an action against Barrera.

We therefore conclude that the trial court properly sustained the demurrer based on the failure to allege compliance with the claim presentation requirement and that Stamps is not entitled to leave to amend his complaint. In light of our conclusion, we need not address the other grounds asserted for the demurrer.

6

*DISPOSITION*

The judgment is affirmed.  Respondent is entitled to recover her costs on appeal.

*NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*

EGERTON, J.[*]

WE CONCUR:

KITCHING, Acting P. J.

ALDRICH, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.